424 P.2d 833

**Edward JOHNSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier,**

**A. A. Fearn and J. A. Fearn, Respondent.**

**No. 1 CA–IC 112.**

Court of Appeals of Arizona.
March 10, 1967.

McGillicuddy, Johnson, Rich & Robbins, by Chris T. Johnson, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Joyce Volts, Phoenix, for respondents.

STEVENS, Judge.

The issues concern the factual determination that the petitioner was a domestic in-servant and excluded from coverage by the policy held by the respondent employer.

■ A. A. Fearn and J. A. Fearn are father and son. For convenience, they will be referred to as Fearn, Sr. and Fearn, Jr. respectively. Prior to the retirement of Fearn, Sr., he and his son were partners in a small family enterprise raising cattle and cotton. They elected to be insured with The Industrial Commission of Arizona as authorized by A.R.S. Section 23–902. The policy contained the following heading designating the named insured:

"A. A. FEARN AND J. A. FEARN
A partnership consisting of, dba
. Route 2, Box 745
Casa Grande, Arizona"

In the body of the policy, the following endorsement appears:

"IT IS FURTHER understood and agreed that since you have elected not to cover domestic servants that inservants and occasional inservants included under the above FARM OR RANCH ENDORSEMENT, are hereby excluded from coverage under this policy."

The uncontradicted testimony establishes that at the time in question, Fearn, Sr. had retired and that he had leased his interest in the family enterprise to his son. The language of the policy was not changed. After the retirement, Mr. and Mrs. Fearn, Sr. continued to live on the property. Mrs. Fearn, Sr. was not well. For some time prior to the incident in question, a woman had been employed to care for her and to do incidental housework. There was an opening in this category of employment and Fearn, Sr. interviewed the petitioner and his wife in relation to the employment. There is some conflict in the evidence as to whether Mrs. Johnson only was employed, with the privilege of permitting the petitioner to live at the Fearn residence and render Mrs. Johnson incidental aid in the lifting and moving of Mrs. Fearn, Sr., or whether they were both employed. The evidence, however, sustains the finding of The Industrial Commission that "at the time of the happening of the alleged industrial injury, the applicant, Edward Johnson, was engaged as a domestic servant."

There is some conflict in the evidence as to whether the petitioner had any employment duties in connection with the farming operation and whether at the time in question he was rendering a service, other than in the household, that is, other than as a domestic in-servant.

At the time of the employment interview, mention was made that the petitioner was familiar with horses. Fearn, Sr. testified that Fearn, Jr. owned a horse, "Well, he is just a fairly old horse. * * * My son bought him for his kids to ride." The petitioner was riding the horse when he sustained very serious injuries. There was some evidence which might indicate that Fearn, Sr. had requested that the petitioner ride the horse to condition the horse for limited farm service. There was some evidence that the petitioner performed limited household chores outside of the Fearn, Sr. residence. There was also evidence that the petitioner requested leave to ride the horse for the petitioner's own pleasure, and that this permission was granted by Fearn, Sr. At the time of the injury, the petitioner and Mrs. Johnson had been with the Fearn, Srs. approximately a week.

■ The substance of the holding of The Industrial Commission in denying compensation is that the petitioner came within the above quoted policy exclusion. In our

opinion the evidence sustains the Award. Where there are disputed questions of fact, it is the province of the Commission to resolve these facts and, awards will be upheld unless the findings are unreasonable and not supported by reasonable evidence. "Where Industrial Commission Award is reasonably supported by evidence it is duty of reviewing court to affirm." Nickerson v. Industrial Commission, 4 Ariz.App. 372, 420 P.2d 944 (1966).

The Award is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.